NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Atef GRAISE,

    Plaintiff,

v.

Julian MARIE and QLR FIVE LLC,

    Defendants.

Civil No. 12-05232

**OPINION**

THOMPSON, U.S.D.J.

    This matter comes before the Court on Plaintiff Atef Graise's ("Plaintiff's") Motion for Default Judgment against Defendants Julian Marie and QLR Five LLC ("Defendants"). [Doc. No. 4]. In response, Defendants have filed a Motion to Vacate Entry of Default Judgment and for an Order to Allow Filing of Defendants' Answer. [Doc. No. 5]. The Court has decided these motions upon consideration of the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, Plaintiff's motion is denied, and Defendants' motion is granted in part and denied in part

BACKGROUND

    Plaintiff is a resident of Dayton, New Jersey. [Doc. No. 1, Compl. at ¶ 1]. Defendant QLR Five LLC is a New York corporation, with a main office and license to do business in New York. [Compl. at ¶ 2]. On August 20, 2012, Plaintiff filed a one-count Complaint alleging that, on June 1, 2011, Defendant Julian Marie, as an agent and/or servant of Defendant QLR Five LLC, negligently and carelessly operated his motor vehicle and thereby caused a collision. [Compl. at ¶ 6]. The collision occurred near the intersection of Grand Concourse and Hawkstone

1

Street, in New York City, New York. [Compl. at ¶¶ 4-6].

Plaintiff alleges that as a direct and proximate result of Defendant Marie's negligence, Plaintiff (1) has sustained divers, permanent and painful injuries; (2) was and will in the future be unable to pursue his usual duties, occupation and responsibilities; and (3) needed and in the future will need medical treatment, hospital treatment, and medicines as a further result thereof. [Compl. at ¶ 7]. Plaintiff demands judgment against Defendants, individually and jointly, by way of a jury trial, or, in the alternative, demands money damages in the amount of $200,000 plus interest and costs of suit. [Compl. at ¶ 7]. On February 22, 2013, Plaintiff moved for Default Judgment pursuant to Federal Rule of Civil Procedure Rule 55(b), after having received no answer or other motion from Defendants in response to the Complaint. [Doc. Nos. 4, 4-1, 4-2, 4-3].

On March 14, 2013, four days before the relevant motion return date, Defendants filed a Motion to Vacate Entry of Default Judgment (apparently with the mistaken belief that such judgment had already been entered) and for an Order Allowing Filing of Defendants' Answer. [Doc. Nos. 5, 5-1, 5-2]. In the proposed Answer attached to Defendants' motion, Defendants (1) denied Plaintiff's allegations; (2) set forth 23 separate defenses; (3) reserved a counterclaim under N.J.S.A. 2A:15-59.1 and/or R. 1:4-8; and (4) brought forward a general crossclaim in the event judgment should be entered in favor of Plaintiff.[1] [Doc. No. 5-2].

## STANDARD

The procedure for entering an award of default judgment is guided by Federal Rule of Civil Procedure 55. Under Rule 55(a), the moving party requests an entry of default, and the Clerk enters judgment. Fed. R. Civ. P. 55(a). The Clerk's entry of such default alone, however,

---

[1] Although the Court notes that there is no indication in the crossclaim of who might actually be considered a co-defendant in this matter.

2

does not entitle a party to relief; rather, the moving party must then submit a motion for default judgment pursuant to Rule 55(b). Except for certain instances in which a plaintiff's claim is for an ascertainable sum that may be entered by the Clerk under Rule 55(b)(1), the moving party must apply to the Court for a default judgment under Rule 55(b)(2). Fed. R. Civ. P. 55(b).

It is the accepted practice in this Circuit and in the Federal Court System generally that a party must request and receive an entry of default from the Clerk prior to moving for default judgment before the Court. *See*, *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, n. 1 (3d Cir. 2006) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682, at 13 (3d ed. 1998)) ("Prior to obtaining a default judgment under [Rule 55(b)(1) or (2)], there must be an entry of default as provided by Rule 55(a)."); *Husain v. Casino Control Comm'n*, 265 Fed. Appx. 130, 133 (3d Cir. 2008) ("[E]ntry of default by the Clerk under Federal rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b).").

## ANALYSIS

Upon review of the record, the Court finds that no entry of default by the Clerk pursuant to Rule 55(a) has been requested or entered in this case. Plaintiff's motion for default under Rule 55(b) is, therefore, inappropriate at this time and is denied without prejudice. Defendants' Motion to Vacate Judgment is accordingly dismissed as moot. Given the preference in this Circuit for matters to be decided on the merits, and not through entry of default, Defendants are hereby granted leave to formally file an Answer to the Complaint within __10__ days of the date of the Order that accompanies this Opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated: __March 20, 2013__